UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD NORRIS and                                CIVIL ACTION
BETH BONNET NORRIS

VERSUS                                           NO. 07-5515

ALLSTATE INSURANCE COMPANY                       SECTION:  C (2)

ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 4). Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal

1

court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983). The jurisdictional facts supporting removal are examined as of the time of removal. *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

In response to the Court's order (Rec. Doc. 5), Allstate Insurance Company ("Allstate") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 7). To illustrate the amount in controversy, Allstate points to the plaintiffs' policy limit of $176,000 under dwelling, $32,200 for other structures, $123,200 for personal property and twelve months of additional living expenses. Allstate also asserts that the plaintiffs' request for attorneys' fees and penalties places their claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage to the property, not the value of the policy. Furthermore, although Allstate and the plaintiffs

note that plaintiffs have refused to sign a binding stipulation,[1] a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and alone does not establish that this Court has jurisdiction. *See Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D.La.). In addition, the plaintiffs claim that their damages are less than $75,000. In their response to this Court's order, plaintiffs initially indicated they received an estimate from a builder for a total of $54,567.85, and that they claim approximately $10,000 in contents. Rec. Doc. 6. Allstate has paid approximately $11,500 for dwelling and other structures, and $2,500 under additional living expenses. The amount in controversy for structural damage, then, is the difference between the builder's estimate of the total and the amount already paid, or approximately $43,000. The plaintiffs have filed a supplemental memorandum, along with an adjuster's estimate of the cost to repair the property's wind-related damaged, that now estimates the cost of repair of $42,732.45.[2] Rec. Doc. 6. Subtracting the amount already paid by Allstate for structures, the amount in controversy for structural damage is approximately $31,230. Added to this are approximately $10,000 claimed for contents, and

---

[1] Plaintiffs state that they refuse to sign such a stipulation only because of the possibility that facts may later develop that warrant a claim in excess of $75,000, but that as of the time of removal, does not believe the amount in controversy exceeded that sum. Rec. Doc. 6.

[2] Though the relevant inquiry is the amount in controversy at the time of removal, and this revised estimate was provided by plaintiffs' some time after removal, the Court finds that it is not foreclosed from considering it. Plaintiffs' claim is, in part, for the cost of repair for damage to their property from the hurricane. They are not claiming that additional damage has been done since this matter was removed, only that the estimate of the cost of repair has been reduced. Furthermore, the removing party bears the burden of putting forth evidence that the amount in controversy exists, and here Allstate has done no more than point to policy limits, and provides nothing to counter plaintiffs' estimates of damages.

plaintiffs' assumption of $5,000 as a maximum for additional living expenses;[3] thus the amount in controversy over what the plaintiffs' are owed under their insurance policy is approximately $46,230. Though the defendant notes that the plaintiffs have also made claims for penalties and attorneys' fees, it must do more than point to the possibility of attorneys' fees and must present facts indicating the propriety of such penalties. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D.La.).

Thus, based on the record and the law, the Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum. The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for

---

[3] Though there has been no affirmative proof provided to this Court that these figures for contents and living expenses, estimates in plaintiffs' pleading, are accurate, it is the removing party's burden to prove by a preponderance of the evidence that the amount in controversy was at least $75,000 as of the time of removal. Defendant's have provided nothing but the policy limits, and as this Court noted above, the relevant inquiry is the amount of damages, not the value of the policy.

the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 8th day of November, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE